IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| MAPLEMARK BANK,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Case No: 6:20-cv-2100-ORL-40DCI |
| J. GLOBAL SUPPLY LLC & JUAN<br>ANTONIO MOLINA<br>    *Defendants.* | §<br>§<br>§<br>§ | |

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the following is true and correct, I, ANA L. RODRIGUEZ, declare as follows:

1. I am employed by Plaintiff, MapleMark Bank ("MapleMark"), as Executive Vice President and Chief Risk Officer and maintain an office at 3500 Maple Avenue, Suite 700, Dallas, Texas 75219.

2. I am over the age of twenty-one and have personal knowledge of the facts and matters stated in this declaration. I am of sound mind and capable of making this declaration. If called as a witness, I could testify competently as to each fact set forth herein, which are true to the best of my personal knowledge.

3. I am authorized to make this declaration on behalf of MapleMark in support of its Motion for a Temporary Restraining Order against Defendants J. Global Supply LLC ("JGS") and Juan Antonio Molina ("Molina"), collectively "Defendants." I obtained personal knowledge of the facts stated herein by and through, among other things, my personal interactions with



**DECLARATION OF ANA L. RODRIGUEZ**      **PAGE 1**
HB: 4810-5928-9298.2

Defendants, my role and experience as Vice President and Chief Risk Officer of MapleMark, my review of the documents relevant to this case, and my communications with the parties involved.

4. In addition to having personal knowledge of the facts stated herein, I am also a custodian of records for MapleMark and am familiar with the manner in which MapleMark records are created and maintained by virtue of my duties and responsibilities. In my role, I have personal knowledge of the records kept by MapleMark with respect to the dispute with Defendants and Defendants' indebtedness to MapleMark. The records that MapleMark keeps with respect to this dispute are kept in the ordinary course of MapleMark's business; all of the records attached hereto were made on or about the time of the recorded transaction; and I am presently the custodian of these files. The documents attached hereto as **Exhibits A-1** through **A-8** are business records of MapleMark. Exhibits A-1 through A-8 are true and correct copies of the instruments and documents that are in MapleMark's files and are incorporated herein by reference.

5. MapleMark is a financial institution chartered under the laws of the State of Texas with its principal place of business at 4143 Maple Avenue, Suite 100, Dallas, Texas 75219.

6. On October 15, 2020, Molina opened a checking account on behalf of JGS with MapleMark (the "MapleMark Account"). A true and correct copy of the Account Agreement executed by Defendants to open the MapleMark Account is attached hereto as **Exhibit A-1.** To open the account, Defendants were required to provide MapleMark with a number of documents, including, among other things, a copy of JGS's Operating Agreement. JGS's Operating Agreement reveals that it is a Florida Limited Liability Company and that Molina is its sole

member. The Operating Agreement also states that Molina resides in Orange County, Florida. A true and correct copy of JGS's Operating Agreement is attached hereto as **Exhibit A-2.**

7. On October 22, 2020, Molina purported to fund the checking account by executing an Automated Clearing House ("ACH") Debit/Credit Authorization (the "ACH Authorization"). A true and correct copy of the October 22, 2020, ACH Authorization is attached hereto as **Exhibit A-3.** In the ACH Authorization, Molina authorized MapleMark to transfer $250,000 to the MapleMark Account from a checking account that JGS purportedly had with Chase Bank. At the time he executed the ACH Authorization, Molina did not inform MapleMark that he had already closed JGS's Chase Bank checking account or that he would close the Chase Bank checking account before the transfer could go through. MapleMark would not have credited any funds to the MapleMark Account had Defendants informed MapleMark that the Chase Bank checking account was closed, that it did not have the funds necessary to transfer to MapleMark, or that the Chase Bank checking account would be closed before the ACH transfer could go through.

8. Based on the ACH Authorization, MapleMark credited $250,000 to JGS's MapleMark Account on October 22, 2020. A true and correct copy of JGS's Account Ledger showing all of the credits and debits to the MapleMark Account is attached hereto as **Exhibit A-4** (the "Account Ledger").

9. As is revealed by the Account Ledger, immediately after the funds were credited to the MapleMark Account, Molina began quickly spending the funds. On October 23, 2020, one day after purportedly funding the account, Molina directed MapleMark to wire $134,506.35 from its checking account to Prestige Motorcard Imports, Inc. to purchase a luxury sports car—a

silver 2019 Aston Martin Vantage, Vin Number SCFSMGAW5KGN00174—with JGS named as the owner. A true and correct copy of the Wire Transfer Request from MapleMark to Prestige Motorcard Imports, Inc. is attached hereto as **Exhibit A-5.** On October 26, 2020, Molina directed MapleMark to wire an additional $100,000 to a Bank of America, N.A. checking account (the "BoA Account"). A true and correct copy of the Wire Transfer Request from MapleMark to Bank of America is attached hereto as **Exhibit A-6.** On October 26, 2020, Defendants also made a $10,000 debit payment from the MapleMark Account for, upon information and belief, JGS's rent. Moreover, from October 27, 2020 through October 30, 2020, Molina made a number of smaller purchases totaling $2,686.46. For example, on October 28, 2020, Molina spent $242.60 at a night club in Orlando and $900.00 at Louis Vuitton.

10. On October 28, 2020, MapleMark received notice from Chase Bank that JGS's checking account with Chase Bank had been closed and that there were no funds to transfer to the MapleMark Account. MapleMark immediately reached out to Molina to determine if a mistake had been made, and Molina stated he would initiate a wire from another account to cover the negative balance. However, Molina did not initiate the wire and ignored all further attempts to contact him.

11. After discovering Defendants' fraud, MapleMark reached out to Bank of America to see if Defendants had spent the $100,000 Molina directed MapleMark to wire to Bank of America on October 26, 2020. MapleMark learned that Defendants had spent approximately $47,000 from the account but that approximately $53,000 remained in the BoA Account. Bank of America has preliminarily agreed to freeze Defendants' account and return the remaining funds to MapleMark.

12. On October 27, 2020, Defendants attempted to defraud MapleMark out of an additional $5,000,000. On that date, Defendants executed and submitted an additional ACH Authorization purportedly granting MapleMark the right to transfer an additional $5,000,000 from JGS's Chase Bank checking account to the MapleMark Account. A true and correct copy of the October 27, 2020 ACH Authorization is attached hereto as **Exhibit A-7.** Having discovered Defendants' fraudulent conduct, MapleMark did not process the request or credit JGS's account.

13. Since discovering Defendants' fraud, MapleMark has been monitoring Molina's social media accounts. On his Instagram account, Molina has posted a number of photos showing that he is actively driving the 2019 Aston Martin. Moreover, his Instagram account indicates that he is now actively shopping for a Bentley. A true and correct copy of the photos from Molina's Instagram account are attached hereto as **Exhibit A-8.**

14. This weekend, Mr. Molina made his Instagram private. So, MapleMark is no longer able to monitor Mr. Molina through Instagram. I presume that Mr. Molina made his Instagram private to hide his activities from MapleMark.

15. To the best of MapleMark's knowledge, other than the remaining balance of the MapleMark funds in the Bank of America account and the Aston Martin purchased with MapleMark's money, the Defendants do not have any assets to satisfy MapleMark's inevitable judgment in this case. Without the relief requested in the Motion for Temporary Restraining Order MapleMark is likely never going to be able to recover from Defendants the money that MapleMark has lost due to Defendants' fraud.

16. On Monday November 2, 2020, J. Schaad Titus, an attorney for MapleMark, sent a demand letter by email and text to Mr. Molina. Mr. Titus received a response to the text asking

"Who is this."  Mr. Titus responded "J. Schaad Titus."  There was no further response from Mr. Molina.

My full name is Ana L. Rodriguez.  My date of birth is the  12th  day of  March , 19 67 .  My business address, including the zip code, is 3500 Maple Avenue, Suite 700, Dallas, Texas 75219. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, Texas on this 16th day of November, 2020.

*Ana L. Rodriguez*
Ana L. Rodriguez