IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAPLEMARK BANK,

        Plaintiff,

v.

                              Case No: 6:20-cv-2100-ORL-40DCI

J. GLOBAL SUPPLY LLC & JUAN
ANTONIO MOLINA,

        Defendants.

_____/

## TEMPORARY RESTRAINING ORDER

This cause is before the Court on Plaintiff's Motion for Temporary Restraining Order (the "Motion") filed by MapleMark Bank ("Plaintiff" or "MapleMark"), filed pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 4.05. Based upon that motion and the attachments thereto, the Court finds that a temporary restraining order should issue in order to prevent ongoing and further damage to MapleMark.

The Motion reflects that Defendant Juan Antonio Molina ("Molina") is an officer of and the sole owner and member of Defendant J. Global Supply LLC ("JGS") (collectively with Molina, "Defendants"). (Ex. A; Ex. A-1 to Mot.). On or about October 15, 2020, Molina opened a checking account on behalf of JGS with MapleMark (the "MapleMark Account"). (Ex. A; Ex. A-3 to Mot.). On October 22, 2020, Molina executed an Automated Clearing House Debit/Credit Authorization (the "ACH Authorization") purporting to authorize MapleMark to transfer $250,000 from a checking account that JGS purportedly held with Chase Bank to MapleMark. (Ex. A, Ex. A-3 to Mot.).

After obtaining the ACH Authorization, MapleMark credited $250,000.00 to JGS's MapleMark Account. (Ex. A; Ex. A-4 to Mot.). On October 23, 2020, one day after the funds were credited to JGS's account, Molina directed MapleMark to wire $134,506.35 to a car dealership to fund the purchase of a 2019 Aston Martin Vantage, Vin Number SCFSMGAW5KGN00174. (Ex. A; Ex. A-4; Ex. A-5 to Mot.). On October 26, 2020, Molina directed MapleMark to wire an additional $100,000.00 to a Bank of America checking account held by JGS (the "BoA Account"). (Ex. A; Ex. A-4; Ex. A-6 to Mot.). Defendant also made a number of smaller payments totaling $12,686.46 in debits from the MapleMark Account. (Ex. A; Ex. A-4 to Mot.).

On October 27, 2020, Molina executed and submitted an additional ACH Authorization, purportedly granting MapleMark the right to transfer an additional $5,000,000.00 from JGS's Chase Bank checking account to the MapleMark Account. (Ex. A; Ex. A-7 to Mot.). MapleMark did not process the request or credit JGS's MapleMark Account. (Ex. A to Mot.).

On October 28, 2020, MapleMark received notice from Chase Bank that JGS's checking account had been closed and that there were no funds to transfer to the MapleMark Account. (Ex. A; Ex. A-4 to Mot.). MapleMark reached out to Molina, and Molina stated that he would initiate a wire from another account to cover the negative balance. (Ex. A to Mot.). However, Molina never initiated another wire transfer and ignored all further attempts to contact him. (Ex. A to Mot.).

After the ACH Authorization failed to result in a transfer to the MapleMark Account, MapleMark reached out to Bank of America to determine if Defendants had spent the $100,000.00 Molina directed to be transferred to Bank of America on October 26, 2020. (Ex. A

to Mot.) MapleMark was informed that Molina had spent approximately $47,000 from the BoA Account. (Ex. A to Mot.).

Molina's social media accounts reveal that he posted a number of photos showing that he is actively driving the 2019 Aston Martin and indicate that he has recently been considering purchasing a Bentley. (Ex. A; Ex. A-8 to Mot.).

The Court finds that the allegations of the Motion and attached exhibits establish that a temporary restraining order is reasonably necessary to protect MapleMark's legitimate interests. MapleMark has established (1) a substantial likelihood of success on the merits; (2) that without a temporary restraining order, MapleMark will suffer irreparable harm; (3) the threatened injury to MapleMark outweighs whatever damage the temporary restraining order may cause Defendants; (4) this temporary restraining order will not be adverse to the public interest; and (5) providing Defendants' notice and an opportunity to be heard would be impractical or impossible.

The Court further finds that Defendants are unlikely to be harmed by the entry of the temporary restraining order. Based on the facts set forth in the Motion, Defendants do not have equity in the property affected by the Temporary Restraining Order, which consists of MapleMark's funds that have been transferred to Defendants or third-parties or property purchased, either directly or indirectly, with MapleMark's funds. Accordingly, the Court finds that a bond amount of $_____ is sufficient to protect Defendants' interest.

Accordingly, Plaintiff's Motion for Temporary Restraining Order is **GRANTED** and it is **ORDERED** as follows:

1. Defendants and their officers, directors, parents, agents, servants, employees, attorneys, representatives and those in active concert or in participation therewith and any person acting by or under their authority (individually and collectively, the "Enjoined Parties") be:

3

HB: 4838-1384-1362.5

      a.    temporarily enjoined and restrained from:

          i.    concealing, damaging, or destroying any property which Defendants purchased with the funds from MapleMark;

          ii.    assigning, selling, transferring, encumbering, secreting, converting, destroying, wasting, dissipating, disposing of, or expunging any property that was purchased using funds from JGS's bank accounts with MapleMark or the Bank of America account to which MapleMark was directed to wire funds; and/or

          iii.    assigning, transferring, spending, secreting, converting, encumbering, destroying, wasting, disposing of any funds remaining in JGS's account with Bank of America; and

      b.    be required to:

          i.    turnover to a sheriff or other officer of the court the silver 2019 Aston Martin Vantage, Vin # SCFSMGAW5KGN00174 owned by JGS, to MapleMark to be held, in trust, while this lawsuit remains pending; and

          ii.    if necessary or required by the Bank of America, execute any documents necessary to cause the Bank of America to cause any funds remaining in JGS's Bank of America checking account to be wired to MapleMark to be held in trust while this lawsuit remains pending.

2.    The Temporary Restraining Order is effective immediately and will remain in effect for 14 days after issuance, unless the Temporary Restraining Order is extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

3.    This Order is conditioned upon Plaintiff posting a cash or surety bond in the amount of $_____ in a form acceptable to and approved by the Clerk of Court for the United States District Court, Middle District of Florida.

4.    Plaintiff, as soon as practicable, shall serve the Defendants with the summons, complaint, temporary restraining order, and all other motions, briefs, and exhibits submitted to the Court.  Plaintiff is further directed to immediately serve Defendants with such additional affidavits and other papers upon which it intends to rely in seeking to convert the temporary restraining order into a preliminary injunction.

5

     5.     Plaintiff's Application for Temporary Injunction shall be heard in this Court on the ____ day of November, 2020, at _____ o'clock __.m.

     **DONE AND ORDERED** in Orlando Florida on November ___, 2020.

                                                                  PAUL G. BYRON
                         UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties